**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GILBERT ARTEAGA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-214J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| MS. BLOOM, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Gilbert Arteaga be dismissed *sua sponte* because it fails to assert a claim cognizable under 28 U.S.C. § 2254. It is further recommended that a certificate of appealability be denied.

### II. REPORT

Gilbert Artaega is a state prisoner who has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. He asserts that his prison records are inaccurate in that they reflect a 1979 rape charge from California that was dismissed. Petitioner seeks an order directing the prison to correct the file.

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison

conditions.  Preiser, 411 U.S. at 499.  The Court of Appeals for the Third Circuit has explained
that:

> whenever the challenge ultimately attacks the 'core of habeas' - the
> validity of the continued conviction or the fact or length of the sentence - a
> challenge, however denominated and regardless of the relief sought, must
> be brought by way of a habeas corpus petition.  Conversely, when the
> challenge is to a condition of confinement such that a finding in plaintiff's
> favor would not alter his sentence or undo his conviction, an action under
> § 1983 is appropriate.

Leamer, 288 F.3d at 542.

Here, a ruling in Arteaga's favor would not affect the fact or duration of his conviction or

sentence, because all Petitioner seeks is an order prohibiting the records department at the State

Correctional Institution at Somerset from "maintaining falsehoods" in his file (Doc. 1-1, p. 2).

Clearly, "no matter what the outcome of [Arteaga's] habeas petition, neither the fact nor the

length of his incarceration will be affected."  Bronson v. Demming, 56 Fed. Appx. 551, 553-54

(3d Cir. 2002).  Consequently, Arteaga's remedy lies not in a habeas corpus action, but in a civil

rights suit under 42 U.S.C. § 1983 and his federal habeas petition should be dismissed for failing

to raise a claim cognizable under 28 U.S.C. §  2254.[1]

Finally, to the extent that Arteaga would require one, a certificate of appealability should

be denied because jurists of reason would not find it debatable whether he has stated a

cognizable federal habeas claim.  See e.g.  Slack v. McDaniel, 529 U.S. 473 (2000) (explaining

standard for grant of a certificate of appealability where court does not address petition on the

merits but on some procedural basis).

---

[1.]  There is precedent in the Third Circuit that would permit a federal prisoner to challenge
conditions of his confinement under the habeas corpus statutes.  See Woodall v. Fed. Bureau of
Prisons, 432, F.3d 235 (3d Cir.2006).  That precedent, however, applies only to ***federal***
prisoners.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir.2001).

### III.  <u>CONCLUSION</u>

It is recommended that the Petition for Writ of Habeas Corpus filed by Gilbert Arteaga be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by September 3, 2010.  Failure to timely file objections may constitute a waiver of any appellate rights.

<div style="margin-left: 40%;">

<u>s/Cathy Bissoon</u>
Cathy Bissoon
United States Magistrate Judge

</div>

Dated: August 20, 2010


cc:
**GILBERT ARTEAGA**
GL-3018
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510